1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   BETHANY BREDIGER,                          CASE NO. C14-166 MJP

11                       Plaintiff,             ORDER ON MOTIONS FOR
                                                SUMMARY JUDGMENT
12           v.

13   GENERAL NUTRITION
     CORPORATION, et al.
14
                         Defendants.
15

16

17          THIS MATTER comes before the Court on the parties' cross-motions for summary

18   judgment.  (Dkt. Nos. 42, 45.)  Having reviewed the motions, the responses (Dkt. Nos. 50, 54),

19   the replies (Dkt. Nos. 64, 67), and all related papers, the Court GRANTS in part and DENIES in

20   part GNC's motion for summary judgment and DENIES Plaintiff's cross-motion for partial

21   summary judgment.

                                        **<u>Background</u>**

22          Plaintiff Bethany Brediger brings suit against her former employer General Nutrition

23   Corporation ("GNC") for employment discrimination on the basis of sex and sexual orientation

24

1  and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the

2  Washington Law Against Discrimination ("WLAD"), and the Fair Labor Standards Act

3  ("FLSA"), and for violations of Washington wage laws, unjust enrichment, and promissory

4  estoppel.  (Dkt. No. 1 at 7–8.)

5      Plaintiff began working for GNC as a Store Manager in August 2011 in GNC's Region 7.

6  (Dkt. No. 56 at 1.)  Plaintiff alleges in April 2012, she was promoted to Senior Store Manager

7  with the promise that she would be paid for additional duties performed, but that GNC failed to

8  provide her with commensurate pay.  (Id. at 2.)  Around October of 2012, Plaintiff claims she

9  reported to Shane Von Behren, the Regional Sales Director ("RSD") of Region 7, and to Patrick

10  McKewon, the Division Sales Director ("DSD") of Regions 6 and 7, that she had not received

11  the pay she was promised and that certain female managers were being paid less commission

12  than male managers.  (Id. at 5.)  Plaintiff alleges that around this same time, Mr. Von Behren

13  looked at an assistant Store Manager in her presence and said "this is the nicest looking staff that

14  I've seen."  (Id. at 3.)

15      Plaintiff claims that GNC, in retaliation for her complaints, unfairly disciplined her for a

16  late store opening that did not violate its policy and demoted her from Senior Store Manager to

17  Store Manager in January 2013.  (Id. at 5–7.)  Plaintiff continued to complain to GNC about

18  perceived discrimination and retaliation throughout 2013, (see Dkt. Nos. 55-5 at 3, 55-6 at 2, 55-

19  7 at 10–11), and claims GNC both failed to appropriately respond to her complaints and

20  continued to retaliate and discriminate against her by, among other things, refusing to promote or

21  reinstate her as Senior Store Manager, issuing her an action plan for Key Performance Indicator

22  ("KPI") sales goals, issuing a written warning for store standards, failing to inform her of a visit

23

24

1   from upper management and then issuing her another warning related to store standards, and

2   then terminating her employment.  (Dkt. No. 54 at 19.)

3          Plaintiff also alleges Thomas Friedman, who replaced Mr. Von Behren as RSD of Region

4   7 in April 2013, made derogatory comments about women and questioned her about her

5   sexuality.  (Dkt. No. 56 at 3–4.)  Plaintiff claims she continued to report to GNC about additional

6   perceived acts discrimination and retaliation until November 18, 2013, when her employment

7   was terminated for poor work performance.  (Dkt. No. 55-8 at 10.)

8          Arguing that it had legitimate, non-discriminatory, non-retaliatory reasons for its actions,

9   that Plaintiff agreed to perform Senior Store Manager duties without pay, and that it did not

10  discriminate against Plaintiff on the basis of her sex or sexual orientation, GNC now moves for

11  summary judgment on all of Plaintiff's claims.  (Dkt. No. 45.)  Plaintiff cross-moves for partial

12  summary judgment on her promissory estoppel and unjust enrichment claims.  (Dkt. No. 42.)

**Discussion**

13  **I.     Legal Standard**

14         **A.  Summary Judgment**

15         Summary judgment is proper where "the movant shows that there is no genuine issue as

16  to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

17  56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue

18  of fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In assessing whether a party has met

19  its burden, the underlying evidence must be viewed in the light most favorable to the non-

20  moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

21  //

22  //

23  //

24

ORDER ON MOTIONS FOR SUMMARY
JUDGMENT- 3

1    **II.     GNC's Motion for Summary Judgment**

2         **A.  Retaliation**

3         Plaintiff asserts retaliation claims under WLAD and the FLSA.[1]   To establish a prima

4    facie case of retaliation, a plaintiff must prove: (1) she engaged in statutorily protected activity;

5    (2) the defendant took an adverse employment action; and (3) there was a causal link between

6    the protected activity and the adverse action.  See Harris v. City of Seattle, 315 F. Supp. 2d 1112,

7    1125 (W.D. Wash. 2004) (addressing retaliation claim under Washington law).  Harassment in

8    retaliation for engaging in protected activity can be a form of adverse action in the retaliation

9    context if the harassment would dissuade a reasonable worker from engaging in protected

10   activity.  See Ray v. Henderson, 217 F.3d 1234, 1245 (9th Cir. 2000).

11        Once the plaintiff establishes a prima facie case for retaliation, the burden shifts to the

12   defendant to articulate a legitimate, non-retaliatory reason for the adverse action. See Stewart v.

13   Masters Builders Ass'n of King and Snohomish Counties, 736 F.Supp.2d 1291, 1295 (W.D.

14   Wash. 2010) (applying burden shifting framework established by the Supreme Court in

15   McDonnell Douglas to FLSA retaliation case); see also Tyner v. Dep't of Soc. & Health Servs.,

16   137 Wash. App. 545, 564 (2007) (the McDonnell Douglas "burden shifting scheme applies to

17   retaliation claims.")  If the defendant does so, the final burden rests with the plaintiff to

18   demonstrate that the asserted reasons are pretext for retaliation.  Stewart, 736 F.Supp.2d at 1295.

19        Plaintiff has not put forth sufficient evidence to support a retaliation claim based on

20   harassment.  However, as discussed below, Plaintiff has put forth sufficient evidence from which

21   a reasonable jury could conclude GNC took other adverse employment actions (i.e. issued

22   written warnings, demoted her, etc.) in retaliation for Plaintiff's complaints.

23   _____

24   [1] Plaintiff withdraws her Equal Pay Act claim.  (Dkt. No. 54 at 24.)

1    Plaintiff argues GNC issued her a written warning related to a late store opening that did

2 not violate its policies, demoted her from Senior Store Manager to Store Manager, refused to

3 promote or reinstate her, issued her an action plan for her KPI scores, issued her a written

4 warning related to store conditions, failed to inform her of the visit from upper management and

5 then issued another warning related to store conditions, and then terminated her employment in

6 retaliation for her complaints.  (Dkt. No. 54 at 19.)  She contends "[t]he timing of each

7 employment action, shortly after each complaint, in addition to the lack of justification for the

8 adverse actions, creates a causal link between the protected activity and the adverse employment

9 actions."  (Id.)  GNC argues it had legitimate, non-retaliatory reasons for its actions and that

10 Plaintiff cannot show those reasons are pretext for retaliation.  (Dkt. No. 45 at 21–25.)

11    Each alleged adverse employment action occurred in close proximity to Plaintiff's

12 complaints.  See Francom v. Costco Wholesale Corp., 98 Wash. App. 845, 862 (2000) (one

13 factor supporting retaliatory motive is the proximity in time between the protected activity and

14 the adverse action).  Further, there is little evidence in the record that Plaintiff received any

15 warnings related to sales or store conditions before the end of 2012, when she first began making

16 complaints to her managers.  In addition to evidence regarding timing, Plaintiff offers sufficient

17 circumstantial evidence of pretext to foreclose summary judgment on her retaliation claims.

18    GNC's policy requires employees to notify their managers either before or after a late

19 store opening to avoid discipline.  (Dkt. No. 55-2 at 55.)  While GNC contends Plaintiff did not

20 notify Mr. Von Behren about at least one of her late store openings in the fall of 2012, resulting

21 in a written warning, (Dkt. No. 49 at 3), Plaintiff states in her declaration that she notified Mr.

22 Von Behren each time there was a late store opening.  (Dkt. No. 56 at 6.)  While GNC contends

23 Plaintiff was never promoted to Senior Store Manager and was asked to stop performing Senior

24

1    Store Manager duties in January 2013 because of poor store conditions, (Dkt. No. 49 at 4),

2    Plaintiff offers evidence that she was promoted to Senior Store Manager, (Dkt. No. 58 at 3), and

3    that she was told to stop performing Senior Store Manager duties because of budget cuts,

4    unrelated to her performance.  (Dkt. No. 56 at 6.)

5         GNC issued Plaintiff a 30-day action plan related to KPI sales goals on May 30, 2013.

6    (Dkt. No. 55-5 at 12.) While GNC contends that certain other managers who failed to meet KPI

7    sales goals were also issued action plans in May 2013, (Dkt. No. 48 at 2–3), Plaintiff offers

8    evidence that at least one Store Manager did not meet his KPI sales goals in April, May, June,

9    July, September, and November of 2013, (Dkt. No. 61 at 42–50), but was not issued an action

10   plan until August 2014.  (Id. at 52.)  And although GNC argues it stopped issuing action plans

11   for KPI sales goals after May 2013 because there were more urgent issues to concentrate on,

12   (Dkt. No. 69 at 4), Plaintiff offers evidence that she exceeded her KPI sales goals in three of four

13   measured categories in March and April of 2013, that she missed her KPI sales goals for the first

14   time in May 2013, and that her KPI sales numbers improved in both June and July of 2013.

15   (Dkt. No. 61 at 44–46.)  Therefore, GNC's decision to stop issuing action plans after May 2013

16   serves as circumstantial evidence of pretext.

17         Viewing these facts in the light most favorable to Plaintiff, the Court finds a reasonable

18   jury could find GNC retaliated against Plaintiff for her complaints.  The Court, therefore,

19   DENIES GNC's motion for summary judgment as to Plaintiff's federal and state law retaliation

20   claims.

21      **B.  Disparate Treatment**

22         Plaintiff asserts disparate treatment claims under WLAD and Title VII on the basis of sex

23   and sexual orientation.  To establish a prima facie case of disparate treatment, a plaintiff must

24

1   show: (1) that she is a member of a protected class; (2) that she is qualified for the employment

2   position or performing substantially equal work; (3) that she suffered an adverse employment

3   action, and (4) that similarly situated employees not in the same protected class received more

4   favorable treatment—i.e. comparators.  Kang v. U. Lim Am., Inc., 296 F.3d 810, 818 (9th Cir.

5   2002); Davis v. West One Auto. Group, 140 Wash. App. 449, 459 (2007).  As an alternative to

6   comparator evidence, the plaintiff can also provide evidence of "other circumstances surrounding

7   the adverse employment action [that] give rise to an inference of discrimination."  Peterson v.

8   Hewlett-Packard Co., 358 F.3d 599, 603 (9th Cir. 2004).  Next the burden shifts back to the

9   employer to articulate a legitimate non-discriminatory reason for its decision.  Wallis v. J.R.

10  Simplot Co., 26 F.3d 885, 889 (9th Cir. 1994).  Finally, the burden shifts back to the plaintiff to

11  show the reason offered is pretext for an underlying discriminatory motive.  Chuang v.

12  University of Cal. Davis, 225 F.3d 1115, 1123, (9th Cir. 2000).

13          Plaintiff argues GNC discriminated against her on the basis of sex and/or sexual

14  orientation by "issuing numerous, unwarranted written warnings, demoting her, refusing to

15  promote or reinstate her, and ultimately by terminating her under false pretenses."  (Dkt. No. 54

16  at 20.)  While an employee's burden in opposing an employer's motion for summary judgment is

17  minimal, Chuang, 225 F.3d at 1124, Plaintiff fails to meet this minimal burden with respect to

18  her disparate treatment claims.  Although she discusses each alleged adverse employment action

19  in her response brief, (Dkt. No. 54 at 21–24), Plaintiff does not sufficiently identify comparators

20  who were treated more favorably and does not identify other evidence that would give rise to the

21  inference that GNC's actions were motivated by her sex and/or sexual orientation.  Indeed,

22  Plaintiff does little more than state in a conclusory fashion that GNC treated her differently than

23  other Store Managers who were not part of the relevant protected classes.  (Dkt. No. 54 at 20.)

24

1  Because no reasonable jury could find, based on the record before the Court, that GNC

2  discriminated against Plaintiff on the basis of sex and/or sexual orientation, the Court GRANTS

3  GNC's motion for summary judgment as to Plaintiff's disparate treatment claims.

4       **C. Hostile Work Environment**

5       To establish a hostile work environment under WLAD or Title VII, a plaintiff must show

6  the following: (1) she was subjected to verbal or physical conduct because of her membership in

7  a protected class; (2) the conduct was unwelcome; (3) the conduct was sufficiently severe or

8  pervasive to alter the conditions of employment and create an abusive work environment.

9  Manatt v. Bank of Am., NA, 339 F.3d 792, 798 (9th Cir. 2003); see also Loeffelholz v. Univ. of

10 Wash., 175 Wash.2d 264, 275 (2012).

11      Plaintiff alleges when she asked Mr. Friedman how best to train a female subordinate, he

12 recommended that she treat female employees like she was "their abusive boyfriend." (Dkt. No.

13 56 at 3.)  She also alleges Mr. Friedman stated "I'm so stupid, I have a penis on my forehead."

14 (Id.)  Plaintiff contends that Mr. Von Behren looked an Assistant Store Manager up and down in

15 her presence and said "this is the nicest looking staff that I've seen." (Id.)  Plaintiff alleges Mr.

16 Friedman became aware of her sexual orientation in November 2012 when she brought her

17 girlfriend to a coworker's baby shower.  (Id. at 4.)  She claims Mr. Friedman made a comment to

18 her to the effect of "I heard you brought a friend" using a sarcastic tone.  (Id.)  Plaintiff also

19 alleges Mr. Friedman treated her in a rude, demeaning, hostile manner every time he interacted

20 with her.  (Dkt. No. 54 at 21.)   Plaintiff offers declarations from co-workers that represent,

21 generally, that Mr. Friedman treated Plaintiff unfairly and singled her out for criticism. (See e.g.

22 Dkt. Nos. 57, 60.)

23

24

1      GNC argues Plaintiff's hostile work environment claims should be dismissed because

2 Plaintiff cannot prove that any alleged harassment by GNC was sufficiently severe or pervasive.

3 (Dkt. No. 45 at 26.)  Although it does not condone the alleged comments made by Mr. Von

4 Behren and Mr. Friedman, the Court agrees with GNC.  Viewing these facts in the light most

5 favorable to Plaintiff, the Court finds no reasonable jury could find the harassment alleged by

6 Plaintiff was sufficiently severe or pervasive to create an abusive work environment.  The Court,

7 therefore, GRANTS GNC's motion for summary judgment as to Plaintiff's hostile work

8 environment claims.

9    **D.  Wrongful Withholding of Wages**

10      GNC argues the Court should grant summary judgment in its favor on Plaintiff's

11 withholding of wages claim under RCW 49.52.050 because, among other things, there is a "bona

12 fide dispute" as to the wages being owed.  (Dkt. No. 45 at 27.)

13      "The critical determination in a case . . . for double damages is whether the employer's

14 failure to pay wages was 'willful.'" <u>Schilling v. Radio Holdings, Inc.</u>, 136 Wn.2d 152, 159

15 (1998). Washington courts have recognized that an employer's failure to pay wages is not willful

16 where "a bona fide dispute existed between the employer and the employee regarding the

17 payment of wages." <u>Id.</u> at 160. "The dispute must be a 'bona fide,' i.e., a 'fairly debatable'

18 dispute over whether an employment relationship exists, or whether all or a portion of the wages

19 must be paid." <u>Id.</u> at 161.

20      Plaintiff alleges Chris Borden, the RSD for Region 7 in April 2012, promoted her to

21 Senior Store Manager.  (Dkt. No. 56 at 2.)  She contends she accepted the promotion with the

22 understanding that she would receive a pay increase once GNC filled the gaps in its budget.

23 (Dkt. No. 54 at 4.)  GNC disputes that Plaintiff was officially promoted and argues that at most

24

1    Plaintiff was considered a Senior Store Manager in training.  (Dkt. No. 45 at 12.)  GNC offers as

2    evidence a declaration from Mr. McKewon stating Plaintiff was never promoted to Senior Store

3    Manager.  (Dkt. No. 47 at 3.)  Plaintiff does not dispute that GNC never applied the Senior Store

4    Manager job code to her.  (Dkt. No. 42 at 8); (Dkt. No. 44-16.)  An internal email from Mike

5    Merchant to Lorraine Reidy in HR dated February 16, 2013 states "[w]e are not to pay her an

6    SSM wage as she was not an SSM!"  (Dkt. No. 44-17.)

7         Viewing these facts in the light most favorable to Plaintiff, the Court finds a reasonable

8    jury could not escape the conclusion that a "fairly debatable" dispute exists as to whether GNC

9    owes Plaintiff additional wages for the Senior Store Manager duties she performed.  The Court,

10   therefore, GRANTS GNC's motion for summary judgment as to Plaintiff's withholding of wages

11   claim.

12        **E.  Unjust Enrichment and Promissory Estoppel**

13        On December 31, 2014, GNC tendered Plaintiff two checks: (1) a payroll check

14   representing the additional wages Plaintiff alleges are owed for Senior Store Manager duties

15   performed; and (2) a general check representing double damages, interest, and attorney's fees.

16   (Dkt. No. 46-11 at 2.)  Plaintiff accepted the first check but returned the second check.  (Id. at 5–

17   6.)

18        GNC argues the Court should grant summary judgment in its favor because GNC

19   tendered a check for the alleged wages owed and Plaintiff accepted the check.  (Dkt. No. 45 at

20   27.)  When considering these claims, the Court balances the equities to determine whether

21   Plaintiff is entitled to relief.  Because Plaintiff accepted a check representing the additional

22   wages she alleges GNC owes her, the Court cannot give Plaintiff equitable relief in the form of

23   damages for these claims.  Any award of attorney's fees and/or interest that Plaintiff might be

24

1    entitled to would be cut off at the time GNC tendered the check for wages owed.  Plaintiff failed

2    to mitigate her damages by continuing to pursue these claims despite GNC's tender of the

3    amount allegedly owed.  On balance, the equities do not weigh in Plaintiff's favor.  The Court,

4    therefore, GRANTS GNC's motion for summary judgment as to Plaintiff's promissory estoppel

5    and unjust enrichment claims.

6    **III.      Plaintiff's Motion for Partial Summary Judgment**

7            Plaintiff brings her motion for partial summary judgment on her promissory estoppel and

8    unjust enrichment claims to recover prejudgment interest and attorney's fees related to these

9    claims.  (Dkt. No. 42 at 9.) Because the Court has already granted summary judgment in GNC's

10   favor on these claims, the Court DENIES Plaintiff's motion for partial summary judgment.

11                                          <u>Conclusion</u>

12           The Court GRANTS in part and DENIES in part GNC's motion for summary judgment.

13   (Dkt. No. 45.)  The Court DENIES Plaintiff's motion for partial summary judgment. (Dkt. No.

14   42.)

15           The clerk is ordered to provide copies of this order to all counsel.

16           Dated this 2nd day of October, 2015.

17

18

19                                          Marsha J. Pechman
                                            United States District Judge

20

21

22

23

24